﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 191028-39986
DATE: April 30, 2020

ORDER

Service connection for ischemic heart disease (IHD), to include as due to exposure to herbicide agents, is denied.

Service connection for Parkinson’s disease, to include as due to exposure to herbicide agents, is denied.

Service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD), is granted.

FINDINGS OF FACT

1. The Veteran does not have currently diagnosed IHD that was incurred in and due to his time in service, to include due to exposure to herbicide agents.

2. The Veteran does not have currently diagnosed Parkinson’s Disease that was incurred in and due to his time in service, to include due to exposure to herbicide agents.

3. The Veteran has a currently diagnosed psychiatric disorder that was incurred in and due to his time in service.

CONCLUSIONS OF LAW

1. The criteria for service connection for ischemic heart disease are not met. 38 U.S.C. §§ 1110, 5107(b); 38 C.F.R. § 3.303, 3.307, 3.309, 3.310.

2. The criteria for service connection for Parkinson’s Disease are not met. 38 U.S.C. §§ 1110, 5107(b); 38 C.F.R. § 3.303, 3.307, 3.309, 3.310.

3. The criteria for service connection for an acquired psychiatric disability are met. 38 U.S.C. §§ 1110, 5107(b); 38 C.F.R. § 3.303, 3.307, 3.309, 3.310.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from April 1968 to November 1969. 

Generally, to prevail on a claim of service connection on the merits, there must be competent evidence of (1) a current disability, (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury, and (3) medical evidence or other competent evidence of a nexus between the claimed in-service disease or injury and the present disease or injury. See Hickson v. West, 12 Vet. App. 247 (1999); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007).

To establish service connection on a secondary basis, the evidence must show (1) that a current disability exists and (2) that the current disability was either (a) caused by or (b) aggravated by a service-connected disability. 38 C.F.R. § 3.310(a)(b) (2016), Allen v. Brown, 7 Vet. App. 439 (1995) (en banc).

Where a veteran served for at least 90 days during a period of war or after December 31, 1946, and manifests certain chronic diseases to a degree of 10 percent within one year from the date of termination of such service, such disease shall be presumed to have been incurred or aggravated in service, even though there is no evidence of such disease during the period of service. 38 U.S.C. §§ 1101, 1112; 38 C.F.R. §§ 3.307, 3.309. Alternatively, when a disease at 38 C.F.R. § 3.309(a) is not shown to be chronic during service or the one-year presumptive period, service connection may also be established by showing continuity of symptomatology after service. See 38 C.F.R. § 3.303(b). However, the use of continuity of symptoms to establish service connection is limited only to those diseases listed at 38 C.F.R. § 3.309(a) and does not apply to other disabilities which might be considered chronic from a medical standpoint. See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

For those veterans who have been exposed to herbicide agents, certain diseases are acknowledged to be presumptively related to such exposure. 38 U.S.C. § 1116(a)(2); 38 C.F.R. § 3.309(e). The diseases listed at 38 C.F.R. § 3.309(e) shall have become manifest to a degree of 10 percent or more at any time after service, with exceptions not applicable in the instant case. 38 C.F.R. § 3.307 (a)(6)(ii). 

Ischemic Heart Disease and Parkinson’s Disease Claims

The Veteran contends he has Parkinson’s Disease and IHD that were incurred in and due to his time in service, to include exposure to herbicide agents. The Veteran had service in Vietnam and therefore, exposure to herbicide agents is conceded. The Board also acknowledges these two disabilities are subject to the presumption as discussed above.

The Board has reviewed the Veteran’s file and finds no evidence the Veteran has been diagnosed with either Parkinson’s Disease or ischemic heart disease.

While herbicide exposure is conceded and these two diseases are subject to the presumption, without a currently diagnosed disability, service connection cannot be granted.

Regarding the above, the Board acknowledges the Veteran’s statements that he believes he has these conditions and that they are a direct result of his time in service, to include his exposure to herbicide agents. However, while the Veteran is competent to report his symptoms, he is not competent to opine on matters requiring medical knowledge, such as determining the nature or etiology of medical conditions or diagnosing himself with a disease. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). Therefore, the Board has placed more probative weight on the medical evidence of record, which does not support the contention that the Veteran has been diagnosed with these conditions.

The Board has considered the applicability of the benefit of the doubt doctrine. Because the preponderance of the evidence is against the Veteran’s claim, the benefit of the doubt doctrine does not apply. See 38 U.S.C. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49, 55-57(1990).

Psychiatric Disorder Claim

Turning to the Veteran’s claim for an acquired psychiatric disorder, the Veteran contends he has PTSD that was incurred in and due to his time in service. In November 2014, the Veteran said he cannot sleep due to his daily stress from his experiences in Vietnam. The Veteran also said he “saw dead bodies daily and suffered emotional stress and sadness from losing friends to gunfire and explosions.” The Veteran went on to say he had “constant mental images of death and rapid fire from bullets.” In October 2018, the Veteran said he was in a bunk and was “overcome with fear” as he “waited on the Vietnamese to come in.” The Veteran said believed that night his “life would come to an end.”

A claim for service connection for a mental disability may encompass claims for service connection of any mental disability that may reasonably be encompassed by several factors, including the veteran’s description of the claim, the symptoms the veteran describes and the information the veteran submits or that the Secretary obtains in support of the claim. Clemons v. Shinseki, 23 Vet. App. 1, 5 (2009). Accordingly, the Board has taken an expansive view of the claims for service connection for PTSD pursuant to Clemons and re-characterized them as shown on the cover page of this decision.

There is some question as to whether the Veteran has a diagnosis of PTSD. A July 2015 examiner found the Veteran had no diagnosed metal disorders. In May 2019, a counselor who had seen the Veteran for treatment twice opined the Veteran had PTSD. A July 2019 examiner opined the Veteran did not have PTSD but rather was diagnosed with an unspecified trauma and stress-related disorder. 

While there is a question as to what specific mental health diagnosis is most appropriate for the Veteran, two out of three examiners found the Veteran has a diagnosed mental health disorder and therefore, granting the benefit of the doubt to the Veteran, the Board finds the Veteran has a diagnosed mental health disorder, whether it is PTSD or not.

(Continued on the next page)

 

As discussed above, the Veteran served in Vietnam. The May 2019 and July 2019 examiners found the Veteran suffered in-service trauma related to that service, including seeing multiple dead bodies, racisms, and harassment. The July 2019 examiner opined it was at least as likely as not the Veteran’s mental health disorder was incurred in and caused by the Veteran’s time in service. The examiner explained the Veteran’s diagnosed disorder “very likely stemmed from his exposure to traumatic circumstances while deployed to Southwest Asia during the Vietnam War.” The examiner noted the Veteran’s Vietnam Campaign Medal as well as his Vietnam Service Medal along with the Veteran’s admission of substance abuse after his return from Vietnam which the examiner said was “common across combat veterans who were exposed to traumatic stressors during their military service.” The examiner opined that the “combination of evidence suggests that the Veteran’s current trauma-related condition originated as a result of his combat service during Vietnam.”

While the Board can not grant service connection for this problem based on drug abuse, based on the above, as a whole, the Board finds service connection for an acquired psychiatric disorder is warranted and the claim will be granted. The extent of the problem related to service is not before the Board at this time.

 

 

John J. Crowley

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Snoparsky

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.